Chief Judge Breitel.
Defendant, convicted of murder and sentenced from 20 years to life, appeals. He asserts that error was committed on the jury trial which resulted in his conviction. Only one of the errors asserted merits consideration by this court, namely, that a prior out-of-court statement by one of the People’s witnesses, used to bolster his testimony, badly battered on cross-examination, was admitted in violation of CPL 60.35.
It is concluded that the error was prejudicial and might well have influenced the jury in reaching its verdict. The questioned statements were those of the only eyewitness who could directly identify defendant as the aggressor in the street incident which resulted in death to the victim. Consequently, there should be a reversal and a new trial.
On December 7, 1971, defendant and the decedent had a street fight in which decedent was stabbed several times, fatally, perhaps with decedent’s own knife, if defendant’s version be accepted. So much is undisputed in the case. The issue of fact was and is whether defendant acted in self-defense: whether defendant defensively caused the knife while still in decedent’s hand to be thrust into decedent’s body, or whether defendant was the aggressor initially or continued to stab decedent when the need for defensive action had passed.
Two witnesses testified that a group stood around an "elderly” man, presumably the victim, a man of 45 years of age; that a member of the group garbed in a brown leather coat was observed to lunge at decedent. One of the witnesses *120 described the lunger as the tallest man in the group. One described the coat as long, the other as a jacket. A third witness, Rivera, was the only witness who identified defendant facially as the man in the brown coat. He testified in support of his identification that he had seen defendant in the neighborhood on prior occasions. On cross-examination he repeated these observations, saying however that he had never spoken to defendant, but he was then induced to say that he had never seen defendant before the incident. On redirect examination Rivera testified that he did not remember his earlier testimony on the Friday before that he had seen defendant before the stabbing incident, and he did not recall giving the police a statement to that effect on the morning after the stabbing. In the course of redirect examination the prosecutor, over objection, read into the record excerpts from a transcript of conversation between Rivera and another in which the witness stated he had seen defendant a number of times prior to the stabbing. Rivera said that he did not recall his prior testimony or the prior statements—that he did not remember anything.
It is the use of Rivera’s prior statements which is at the root of the problem in this case. The witness, Rivera, was testifying after his own conviction and sentence for robbery. He had been a heroin addict and was so at the time he observed the stabbing incident. He, on redirect examination, was asked with questionable propriety by the prosecutor whether he had told the prosecutor the previous week that he was in fear for himself and his family in testifying, and he answered yes. Even if one assumes that his answer to the "fear” question was truthful, error in bolstering the testimony of the only witness who directly identified defendant as one who had assumed an aggressive posture in the stabbing was critical.
The issue in the case was never whether defendant was at the scene of the stabbing. That much was conceded. The other witnesses who placed defendant at the scene (Raffo and Alverado), or identified, more or less, the brown coat of defendant as that observed at the scene, did not touch on the crux of the case. On this view the erroneous use of Rivera’s prior statements was prejudicial.
Use of prior statements by witnesses in criminal actions is now codified in the Criminal Procedure Law. CPL 60.35 reads as follows:
*121 "1. When, upon examination by the party who called him, a witness in a criminal proceeding gives testimony upon a material issue of the case which tends to disprove the position of such party such party may introduce evidence that such witness has previously made either a written statement signed by him or an oral statement under oath contradictory to such testimony.
"2. Evidence concerning a prior contradictory statement introduced pursuant to subdivision one may be received only for the purpose of impeaching the credibility of the witness with respect to his testimony upon the subject, and does not constitute evidence in chief. Upon receiving such evidence at a jury trial, the court must so instruct the jury.
"3. When a witness has made a prior signed or sworn statement contradictory to his testimony in a criminal proceeding upon a material issue of the case, but his testimony does not tend to disprove the position of the party who called him and elicited such testimony, evidence that the witness made such prior statement is not admissible, and such party may not use such prior statement for the purpose of refreshing the recollection of the witness in a manner that discloses its contents to the trier of the facts.”
The prior statements of Rivera did not qualify for use. They were not subscribed by the witness, nor had he given his answers under oath, the alternatives allowed by subdivision 1. Nor did the prosecutor in attempting to use the prior statements, even if they had been qualified under subdivision 1, conform to the requirements of subdivision 3. The contents of the statements were disclosed to the jury, the trier of the facts.
It might be said that Rivera’s testimony at the trial the previous Friday was available to impeach him. Of course, it was. But its impact might well be only that on Friday he was the carefully prepared but reluctant witness, whereas on Monday he now was truthful. The importance of the statements the morning following the stabbing would be crucial, because they were made close to the time of the incident and before motivations to prevaricate at behest of police or defendant would have been developed.
In summary, the use of the statements was gross error, preserved by proper objection. Without Rivera’s testimony, defendant might well have been acquitted. Neither of the *122 other two witnesses, Raffo or Alverado, could directly identify or describe defendant as the aggressor, initially, or as the fight persisted.
Accordingly, the order of the Appellate Division should be reversed, the conviction vacated, and a new trial ordered.