■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MANUEL GARCIA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 4, 1978, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant's conviction arose from actions he took during a pitched battle between rival labor unions at a Queens factory. During the course of the trial two errors occurred which require reversal of defendant's conviction and a new trial. The indictment charged defendant with, *inter alia,* murder in the second degree, for causing the death of one Fernando Anon. Neither party requested a charge on the lesser included offense of manslaughter in the first degree at any time during the trial.

After summation, the court informed the parties that it had decided, *sua sponte,* to charge the lesser included offense, and defense counsel excepted. The People candidly concede that the court's failure to inform the parties prior to the summations of its intent to charge the lesser included offense violated CPL 300.10 (subd 3) and 300.30, but assert that such error was harmless under the circumstances, since the issue at bar involved the identification of defendant as the gunman. The defendant did not raise the issue of intent. While it has been held under similar circumstances that the defendant was not deprived of an effective summation (see *People v Vicaretti,* 54 AD2d 236), we believe that, in the instant case, "to deny, discount, or quantify the prejudice resulting from the trial court's failure to adhere to the command of the Criminal Procedure Law is certainly a speculative indulgence. It requires first an hypothecation of what defense counsel would have stated if he had been informed of the charges to be submitted, and then a judgment of the impact on the jury of that theoretical summation. Such an exercise * * * is better foregone for the less subjective alternative of a new trial" *(People v Skinner,* 57 AD2d 785, 786). The danger of prejudice resulting from the error is especially great, and reversal especially warranted, where, as here, a defendant is convicted of the lesser included offense (see *People v Moody,* 52 AD2d 959). Defendant's conviction of manslaughter in the first degree must, therefore, be reversed and a new trial ordered. The trial court also erred in admitting the testimony of three members of defendant's union who testified for the People concerning a telephone call they made to defendant some five days after the incident, after having read in a newspaper that Anon had died of his wounds. One of the witnesses said "hello, this is Jimmy. You better get out of town, the guy died". Another of the three men, who had dialed the telephone, testified that he had spoken with the defendant before handing the telephone over to Jimmy. This testimony could not have properly been introduced by the People to impeach the earlier eyewitness testimony of the three witnesses, because the prior oral statements (i.e., the telephone call and related conversation) were neither sworn nor contradictory to the remainder of the testimony of the three witnesses (CPL 60.35; *People v Fitzpatrick,* 40 NY2d 44, 52; *People v Wright,* 41 NY2d 118, 121). The testimony could not have been properly admitted to show the state of mind of the three witnesses, which was not relevant to any material issue in the case. The purpose of such testimony could only have been to imply that the witnesses thought defendant guilty, and to thereby imply such guilt to the jury (see *People v Tufano,* 69 AD2d 826, 827). The admission of such testimony was highly prejudicial and requires reversal and a new trial as to both crimes of which he was convicted. Cohalan, J. P., Margett, Martuscello and Weinstein, JJ., concur.