■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS BROWN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Shaw, J.), rendered April 16, 1980, convicting him of

criminal possession of a weapon in the third degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see *People v Beslanovics*, 57 NY2d 726). Appellant's conviction, as well as that of his codefendant, arose out of an incident in a Brooklyn apartment building in which the complainant was shot in the arm. The indictment charged appellant and the codefendant with assault in the first degree and criminal possession of a weapon in the second degree. Prior to summations, counsel for the codefendant requested that as to his client, the court charge criminal facilitation in the fourth degree as a lesser included offense of the assault charge. The court reserved decision and, after summations, it granted the request. The prosecution then asked that the court charge, as to the codefendant, criminal possession of a weapon in the third degree as a lesser included offense of second degree possession. Counsel for appellant made no requests to charge either of these two counts with respect to his client. In its charge to the jury, the court stated that if *either* appellant or the codefendant were acquitted of the assault count, the jury was to consider the charge of criminal facilitation. Further, the court charged that if *either* appellant or the codefendant were found not guilty of criminal possession of a weapon in the second degree, the jury was to consider the charge of criminal possession in the third degree. The failure of the trial court to inform appellant's counsel, prior to summations, that it intended to submit to the jury lesser included offenses with respect to the appellant was reversible error (see CPL 300.10, subd 4; 300.30, subd 1; *People v Moody*, 52 AD2d 959; *People v Skinner*, 57 AD2d 785; *People v Garcia*, 76 AD2d 867). In addition, we note that criminal facilitation in the fourth degree is not a lesser included offense of assault in the first degree, as it would be theoretically possible for a defendant to commit a first degree assault without intending to aid anyone else in the commission of a felony (see *People v Green*, 56 NY2d 427, 430; *People v Glover*, 57 NY2d 61). Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.