■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN REILLY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered July 12, 1982, convicting him of attempted arson in the second degree, reckless endangerment in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment modified, as a matter of discretion in the interest of justice, by reversing defendant's convictions for attempted arson in the second degree and reckless endangerment in the second degree, and vacating the sentences imposed thereon, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see *People v Beslanovics,* 57 NY2d 726). As so modified, judgment affirmed.

Defendant, along with Herman Pagan and George Rodriguez, was indicted for arson in the second degree, reckless endangerment in the first degree, and criminal mischief in the fourth degree, in connection with a fire that occurred on April 22, 1981, at 638 East Second Street in Brooklyn. Herman Pagan and defendant were tried jointly. At trial, the defense was that the witnesses were mistaken in their identification of defendant and

---

Pagan as the perpetrators, and in support of that claim Herman Pagan testified as to his and defendant's whereabouts on the night of the fire. He asserted that he was not at 638 East Second Street on that night.

After the summations were given and after the trial court charged the jury, Herman Pagan's counsel requested that the court charge reckless endangerment in the second degree as a lesser included offense. The prosecutor then requested that the court charge attempted arson in the second degree as a lesser included offense. Although defendant's attorney objected to both requests on the ground that "neither charge is appropriate or necessary", the trial court charged the jury as to both reckless endangerment in the second degree and attempted arson in the second degree as lesser included offenses.

The failure of the trial court to inform defendant's counsel, prior to summations, that it would submit to the jury the lesser included offenses, violated CPL 300.10 (subd 4) and was reversible error here (*People v Brown,* 91 AD2d 638; *People v Garcia,* 76 AD2d 867; *People v Richards,* 67 AD2d 893). While the People contend that such error was harmless in view of the fact that the defense was mistaken identification, we reject that claim. In *People v Garcia* (*supra,* p 868), we noted, quoting from *People v Skinner* (57 AD2d 785, 786): " '[T]o deny, discount, or quantify the prejudice resulting from the trial court's failure to adhere to the command of the Criminal Procedure Law is certainly a speculative indulgence. It requires first an hypothecation of what defense counsel would have stated if he had been informed of the charges to be submitted, and then a judgment of the impact on the jury of that theoretical summation. Such an exercise * * * is better foregone for the less subjective alternative of a new trial' ". The danger of prejudice resulting from the error is especially great, and reversal especially warranted, where, as here, a defendant is convicted of the lesser included offense (see *People v India,* 67 AD2d 488; *People v Hendy,* 64 AD2d 407). We find that the other contentions raised by the defendant either were not preserved for review or lack merit. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.