■ The People of the State of New York, Respondent, v Cleveland Willis, Appellant. — Judgment reversed, on the law, and indictment dismissed, with leave to the People to resubmit appropriate charges to another Grand Jury. Memorandum: Defendant was indicted for manslaughter in the first degree in causing the death of one Roberto Perez during an altercation on a bus. It appears that the victim and a codefendant were the instigators of the fight, which quickly escalated into a full-blown brawl involving defendant, a codefendant, the victim and the victim's friend. The fight terminated when defendant stomped on the victim's stomach, causing injuries which ultimately resulted in death. It further appears that the victim and his companion had been drinking heavily and that the victim was profoundly intoxicated, with blood alcohol content variously gauged at .31-.37.

Following the close of proof and prior to summations, defendant asked the court if it intended to charge lesser included offenses and specifically requested the court to charge manslaughter in the second degree, criminally negligent homicide and assault in the third degree. The court reserved decision on this request, after which counsel again indicated a desire to know the court's intention before he proceeded with summation. The court declined to rule on the motion, but after summations were concluded the court gave its instructions to the jury, charging the indicted crime and, additionally, manslaughter in the second degree and criminally negligent homicide as lesser included offenses. Defendant was convicted of manslaughter in the second degree. We reverse.

CPL 300.10 (subd 4) provides in relevant part that "[t]he court must specifically designate and submit, in accordance with the provisions of sections 300.30 and 300.40 [lesser included offenses], those counts and offenses contained and charged in the indictment which the jury are to consider. Such determination must be made, and the parties informed thereof, *prior to the summations*" (emphasis added). The purpose of the statute is self-evident. Unless the court apprises defendant which lesser included offenses will be charged, he may be deprived of a meaningful and effective summation (*People v Garcia,* 76 AD2d 867; *People v Skinner,* 57 AD2d 785). "The danger of prejudice resulting from the error is especially great, and reversal especially warranted, where, as here, a defendant is convicted of the lesser included offense" (*People v Garcia, supra,* p 868). The jury requested further instructions from the court on the definitions of the crimes which the court charged, but was deprived of the benefit of counsel's comments on those crimes.

On the facts of this case we cannot view the obvious error of the court as harmless. Since the facts of the fight were not seriously in dispute and defendant testified to being in the fight and kicking the victim, the critical issue was defendant's state of mind. The jury could consider whether defendant intended to cause serious physical injury (Penal Law, § 125.20, subd 1), whether he acted recklessly by being aware of and consciously disregarding a substantial and unjustifiable risk (Penal Law, § 125.15, subd 1; § 15.05, subd 3), or whether he acted with criminal negligence in failing to perceive a substantial and unjustifiable risk (Penal Law, §§ 125.10, 15.05, subd 4). With these choices at hand and the proof subject to various interpretations, we cannot speculate that a summation "given with full knowledge of the precise charges to be submitted, might not reasonably have altered the verdict" (*People v Skinner, supra,* p 786).

Inasmuch as defendant was acquitted of the indicted charge of manslaughter in the first degree, there remains nothing to support further prosecution for the lesser included crime of manslaughter in the second degree under that accusatory instrument. Thus, the People should be permitted to re-present any appropriate charges to another Grand Jury (*People v Gonzalez,* 61 NY2d 633, 635).

We have examined the other issues raised by defendant and find no merit to them. All concur, except Hancock, Jr., J. P., and Denman, J., who dissent and vote to affirm, in the following memorandum:

Hancock, Jr., J. P., and Denman, J. (dissenting). We dissent. While we agree that the trial court erred in failing to inform defense attorney prior to summation which lesser included offenses it would charge (see CPL 300.10, subd 4), we find that defendant was not prejudiced by the error and that, therefore, reversal is not warranted (see *People v Cheeks,* 66 AD2d 1021, 1022; *People v Vicaretti,* 54 AD2d 236, 250). Defendant was indicted for manslaughter, first degree (intentional homicide). The proof was that, in the course of a fight on a bus, defendant knocked the victim to the floor between two bus seats. While the victim was lying on his back, defendant hoisted himself with both arms on the back of the bus seat and, using both feet, stomped three or four times with his full weight on the victim's abdomen. The victim died of internal injuries. The thrust of the defense throughout the trial and during summation was that, due to the victim's actions, defendant was justified in acting as he did. The court charged the jury on manslaughter, first degree;

manslaughter, second degree (reckless homicide); and criminally negligent homicide. The jury apparently accepted defendant's argument that he did not act with intent and convicted him of manslaughter, second degree. He cannot claim that he was harmed by being deprived of the opportunity to sum up with respect to that charge. We conclude that he was not prejudiced by deprivation of the opportunity to sum up on the charge of criminally negligent homicide. Although the court submitted criminally negligent homicide as a lesser included offense, there is no reasonable view of the evidence which would permit the jury to conclude that defendant, who stomped with all of his weight on the helpless victim, could have "fail[ed] to perceive a substantial and unjustifiable risk" (Penal Law, § 15.05, subd 4) that death would occur (see *People v Price,* 99 AD2d 878; *People v Walker,* 58 AD2d 737; see, generally, *People v Green,* 56 NY2d 427, 430). (Appeal from judgment of Monroe County Court, Celli, J. — manslaughter, second degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.