■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS KOSTAS BACALOCOSTANTIS, Appellant. — Mikoll, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered March 13, 1984, upon a verdict convicting defendant of the crimes of manslaughter in the first degree and assault in the first degree.

The issue before us is whether the trial court's failure to notify defendant, prior to summations, that it intended to submit to the jury the charge of manslaughter as a lesser included offense of murder in the second degree was reversible error.

Defendant stood trial under an indictment charging him with two counts of murder in the second degree (Penal Law § 125.25 [1], [2]), attempted murder in the second degree and two counts of assault in the first degree. At conference before summation, neither party requested the submission of any lesser included offenses, nor did the trial court indicate any intention to do so. Following defendant's and the People's summations, the trial court asked if defendant or the prosecutor wished the court to

charge any lesser included offenses. Defendant responded negatively and the trial court indicated that it would not charge lesser included offenses. The prosecution concurred with the court's determination. After a weekend recess, the prosecutor belatedly requested that manslaughter in the first degree (Penal Law § 125.20 [1]) be submitted as a lesser included offense under the first count of the indictment. The court granted the request over defendant's strenuous objection and, also, charged reckless manslaughter (Penal Law § 125.15 [1]) as a lesser included charge under the second count of the indictment. The jury was instructed that if it found defendant guilty of either murder in the second degree or manslaughter in the first degree under the first count, both of which involved intentional conduct, it was to find defendant not guilty under count two of the indictment and the lesser included offense of manslaughter in the second degree. The jury found defendant guilty of manslaughter in the first degree under the first count and assault in the first degree under the sixth count of the indictment. Defendant was found not guilty as to the remaining counts. In the rendering of the verdict, it is to be noted that the court clerk never specifically asked the jury as to their finding under count two of the indictment, but, in view of the instruction of the trial court, a finding of not guilty on that count had been mandated by the jury's verdict under the first count.

There must be a reversal. CPL 300.10 (4) codifies the right of a defendant to know what charges will be submitted to the jury. In relevant part the statute reads: "4. The court must specifically designate and submit * * * those counts and offenses contained and charged in the indictment which the jury are to consider. Such determination must be made, and the parties informed thereof, prior to the summations." A defendant is entitled to know the charges to be submitted to the jury in advance of summation. A failure to obey the mandate of the statute constitutes reversible error (*People v Brown,* 91 AD2d 638, 639; *People v Garcia,* 76 AD2d 867; *People v Lewis,* 68 AD2d 862). The courts will not engage in speculation as to the prejudice caused by the error. The People's reliance on *People v Crimmins* (36 NY2d 230) and *People v Smith* (77 AD2d 712) as the basis of a "harmless error" theory is misplaced under these circumstances. It is fatuous to suppose that defense attorney's summation would not have been significantly different had he been given notice of the lesser included offense. Defendant here was denied his right to an effective summation which is inherent in the right to a fair trial (*People v Richards,* 67 AD2d 893).

Defendant was convicted of an improperly submitted lesser included offense. The charge preserved for retrial is assault in

the first degree under the sixth count of the indictment. Having once stood in jeopardy for the offenses charged in the first, second, third and seventh counts of the indictment, defendant cannot be retried thereon because of double jeopardy considerations (*People v Mayo,* 48 NY2d 245). This does not foreclose the prosecution of defendant pursuant to a new indictment containing any charges which are not barred by the double jeopardy rule (*see, People v Mayo, supra,* p 253; *People v Reome,* 101 AD2d 632).

In view of this determination, we deem it unnecessary to address the other issues raised on this appeal.

Judgment reversed, on the law, and matter remitted to the County Court of Ulster County for a new trial on the sixth count of the indictment with leave to the People to re-present any appropriate charges to another Grand Jury. Weiss, Mikoll, Yesawich, Jr. and Harvey, JJ., concur; Main, J. P., concurs in part and dissents in part in the following memorandum.

Main, J.P. (concurring in part and dissenting in part). First, I agree that the trial court erred in failing to inform defendant of the crimes to be submitted to the jury as lesser included offenses of murder in the second degree as charged in the first two counts of the indictment. I further conclude, having reviewed the record, that the other grounds urged for reversal are without merit and, accordingly, do not warrant reversal. Thus, I find no error affecting defendant's conviction of assault in the first degree as charged in the sixth count of the indictment and would affirm this conviction. Therefore, the only portion of the judgment which requires reversal is that which convicted defendant of manslaughter in the first degree as a lesser included offense of the first count of the indictment. Because defendant cannot be retried on the first count of the indictment, having been acquitted of the crime charged therein (*see, Matter of Anthony M.,* 63 NY2d 270, 284; *People v Mayo,* 48 NY2d 245, 253), I would dismiss the first count of the indictment without prejudice to re-present any appropriate charges to a Grand Jury (*see, People v Mayo, supra; People v Reome,* 101 AD2d 632).