*905
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified by reversing the conviction for offering a false instrument for filing in the first degree and dismissing that count of the indictment and, as so modified, affirmed.
 

 In an 11-count indictment, defendant was charged with one count of grand larceny in the third degree (Penal Law former § 155.30, as amended by L 1986, ch 515) and 10 counts of offering a false instrument for filing in the first degree (Penal Law § 175.35). In substance, the indictment charged that defendant, while working as an assistant train conductor for the Metro-North commuter railroad, stole money from the railroad by submitting fraudulent time sheets on 10 separate occasions indicating he had worked more hours than he actually had. After summations, the trial court, on its own motion, charged petit larceny as a lesser included offense of the grand larceny count. The jury subsequently convicted defendant of petit larceny and one count of offering a false instrument. Defendant now contends that because Metro-North is not "the state or any political subdivision thereof’, he cannot be found guilty of offering a false instrument under Penal Law § 175.35; nor, defendant argues, may he be convicted of petit larceny because the trial court failed to inform counsel prior to summations that it intended to submit petit larceny as a lesser included offense as required by CPL 300.10 (4).
 

 Penal Law § 175.35 makes it a crime for a person, "knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof’, to present that instrument to "a public office or public servant with the knowledge or belief that it will * * * become a part of the records of such public office or public servant”. We have recognized that the purpose of making it a felony offense to defraud the State in this manner, "is to guard against the possibility that officers of the State or its political subdivisions would act upon false or fraudulent 'instruments’ that had been filed with their offices in the belief that such documents were accurate and true”
 
 (People v Bel Air Equip. Corp.,
 
 39 NY2d 48, 54). Thus, the statute "requires proof of an additional element beyond the false filing; the People must establish that the defendant intended to defraud the State”
 
 (People v Bel Air Equip. Corp.,
 
 39 NY2d 48, 54,
 
 supra).
 

 
 *906
 
 The People argue that Metro-North, a public benefit subsidiary corporation of the Metropolitan Transportation Authority, which itself is concededly a "state agency” pursuant to Public Authorities Law § 1263 (5), should be considered, for the purpose of the Penal Law, a subdivision of the State. We have repeatedly held that public benefit corporations are not identical to the State or one of its political subdivisions, but only may be treated as such for certain purposes
 
 (see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,
 
 70 NY2d 382;
 
 Collins v Manhattan & Bronx Surface Tr. Operating Auth.,
 
 62 NY2d 361, 369;
 
 Grace & Co. v State Univ. Constr. Fund,
 
 44 NY2d 84, 88;
 
 Matter of Dormitory Auth. [Span Elec. Corp.J
 
 18 NY2d 114, 117;
 
 Matter of New York Post Corp. v Moses,
 
 10 NY2d 199, 203-204;
 
 Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth.,
 
 5 NY2d 420, 423). To determine whether — for the specific purpose at issue — a public benefit corporation should be treated as would be the State or one of its political subdivisions, we recently have explained that a particularized inquiry into the circumstances of each case is necessary
 
 (Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,
 
 70 NY2d 382,
 
 supra
 
 [for purpose of punitive damages LIRE is considered State or political subdivision];
 
 see, Grace & Co. v State Univ. Constr. Fund,
 
 44 NY2d 84, 88,
 
 supra
 
 [for purpose of statutes authorizing cost adjustments in public construction contracts State University Construction Fund is not considered State or political subdivision]).
 

 Here, we conclude that Metro-North may not be treated as if it were "the state or any political subdivision thereof’ for the purpose of Penal Law § 175.35. Although criminal statutes are no longer to be strictly construed, they are to be construed "according to the fair import of their terms” (Penal Law § 5.00). Only conduct that "falls within the plain, natural meaning of the language of a Penal Law provision may be punished as criminal”
 
 (People v Ditta,
 
 52 NY2d 657, 660;
 
 see, People v Hedgeman,
 
 70 NY2d 533, 537), and criminal sanctions are not to be imposed for conduct that falls beyond the scope of that provision
 
 (People v Ditta,
 
 52 NY2d 657, 660,
 
 supra; People v Sansanese,
 
 17 NY2d 302, 306;
 
 People v Wood,
 
 8 NY2d 48, 51). Inasmuch as public benefit corporations are not identical to the State, nor are they invariably treated as the State for all purposes, they cannot be said to come within the plain and natural meaning of "state or any political subdivision thereof’ as provided in Penal Law § 175.35. It is significant in this regard that, in accepting the fraudulent time sheets from defendant, Metro-North was acting in its role as private
 
 *907
 
 employer and not as agent of the sovereign
 
 (see, Long Is. R. R. Co. v Long Is. Light. Co.,
 
 103 AD2d 156, 164-165,
 
 affd
 
 64 NY2d 1088). Moreover, criminal statutes must afford fair warning that the conduct contemplated is prohibited
 
 (see, e.g., People v Nelson,
 
 69 NY2d 302, 307). Absent clear language in the Penal Law concerning the status of public benefit corporations, section 175.35 does not provide adequate notice that the fraudulent filing of a false instrument with Metro-North constitutes the crime of defrauding the State as defined in the statute. The People, therefore, could not have established that defendant intended to defraud the State by showing merely that he intended to defraud his employer, Metro-North.
 

 Defendant’s contention that his petit larceny conviction should be reversed because the trial court failed to inform counsel of the lesser included charge prior to their summations is unavailing. Any error in the court’s failure to timely apprise counsel of the charge as required by CPL 300.10 (4) was, in the circumstances of this case, harmless. Defense counsel’s summation focused exclusively on the charge of offering a false instrument and made no attempt to differentiate between that charge and the grand larceny charge. Moreover, with the exception of the value of the property stolen, there is no difference between the crimes of grand larceny in the third degree as charged and petit larceny — intent to steal property is a required element of both
 
 (see,
 
 Penal Law former § 155.30, as amended by L 1986, ch 515 [greater than $250]; and Penal Law § 155.25 [no minimum value]). Thus, it cannot be said that defense counsel’s summation would have been affected by knowledge that the petit larceny charge would be submitted to the jury
 
 (People v Montgomery,
 
 116 AD2d 669;
 
 People v Vicaretti,
 
 54 AD2d 236). We have considered defendant’s remaining contentions and find them to be without merit.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order modified in accordance with the memorandum herein and, as so modified, affirmed.