■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZELL BOYD, Appellant.—Appeal by the defendant from a judg-

ment of the County Court, Nassau County (Orenstein, J.), rendered June 17, 1986, convicting him of attempted burglary in the first degree, attempted assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On March 11, 1985, the defendant, Zell Boyd, while carrying a tire iron, unlawfully entered the home of his former girlfriend with the intent to commit assault upon her and her companion.

We find that the court properly permitted the prosecutor to cross-examine the defendant as to the underlying facts of a 1982 conviction for burglary in the third degree and to bring out that the defendant was convicted of criminal mischief in 1985 *(see, People v Sandoval,* 34 NY2d 371, 377). Such offenses were relevant to the defendant's credibility as a witness and his willingness to place his interests above those of society *(see, People v Bennette,* 56 NY2d 142, 147; *People v Sandoval,* 34 NY2d 371, *supra).*

Upon a review of the record, we find that the trial court's failure to inform counsel, prior to summations, that it would charge a lesser included offense of attempted burglary in the first degree was not reversible error *(cf., People v Bacalocostantis,* 111 AD2d 991, 992; *People v Reilly,* 105 AD2d 716, 717).

Defense counsel's summation concentrated primarily on the defendant's lack of intent to assault either victim inside the premises, so that, at worst, he merely committed a trespass. The crimes of burglary and attempted burglary differ only as to the steps taken to complete them. Even had the court informed counsel of its intent to charge attempted burglary, it cannot be said that counsel's summation would have been affected by such knowledge *(see, People v Miller,* 70 NY2d 903, 907). Where, as here, it is highly unlikely that defense counsel's summation would have differed, it has been held that the error was harmless and did not require reversal of the judgment *(see, People v Miller, supra).*

The trial court's comment immediately after the *Allen* charge that the jury would be sequestered for a second night if a verdict was not reached did not constitute an attempt to coerce or compel the jury to agree upon a particular verdict *(see, People v Sharff,* 38 NY2d 751, 752-753). Moreover, in light of the over-all balanced nature of the charge, the unhighlighted remark by the court that this was a serious case did not render the charge coercive.

Finally, we find that the defendant's sentence was not excessive (see, People v Compitiello, 118 AD2d 720; People v Suitte, 90 AD2d 80). Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.