■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VENNEL TRAIL, Appellant.—Judgment, Supreme Court, Bronx County (Dominic Massaro, J. at trial and sentence), rendered July 25, 1989, convicting defendant, after jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent indeterminate terms of 15 years to life and 1½ to 4½ years imprisonment, respectively, unanimously affirmed.

Defendant's conviction arises out of the shooting death of Calvin Patch on October 9, 1988. Evidence was adduced at trial to show that just before the shooting defendant and Mr. Patch were arguing over Mr. Patch's relationship with defendant's ex-paramour. The woman was the People's primary witness.

Defendant's claims of prosecutorial misconduct during cross-examination and summation were not preserved for appellate review by appropriate objection (CPL 470.05 [2]; *see also, People v Thomas,* 50 NY2d 467). In any event, cross-examination of defendant was proper in that it was responsive to defendant's testimony, which contradicted the version of the events testified to by the People's primary witness including the circumstances of defendant's presence at the scene. *(See, People v Rivera,* 159 AD2d 229, *lv denied* 75 NY2d 969.) Additionally, the prosecutor's summation consisted essentially of fair comment on the evidence and appropriate response to defense counsel's summation remarks *(see, e.g., People v Fielding,* 158 NY 542). Any possible prejudice arising from the prosecutor's passing comment that the victim may have survived if defendant had summoned help, as he said he would, was appropriately dispelled by the court's instructions to the jury that they should not engage in speculation, or allow passion or sympathy to enter into their deliberations, which instructions presumably were followed by the jury *(see, e.g., People v Rodriguez,* 103 AD2d 121).

We reject defendant's claim that he was denied a fair trial because the court failed to state, before summations that the defense counsel's request for jury charges on the lesser in-

cluded offenses of manslaughter in the first degree, manslaughter in the second degree and criminally negligent homicide was granted. Although the claim was not preserved by appropriate objection (CPL 470.05 [2]), it is clear that the entire weight of the defense case was placed upon a justification theory. Defendant has shown neither prejudice, nor that the defense summation would have been altered in any manner if defense counsel had been informed earlier that the court had granted the request for jury charges on the lesser included offenses *(see, People v Jackson,* 166 AD2d 356).

Defendant's claim that the trial court erred in not giving a circumstantial evidence charge likewise was not preserved for appellate review by appropriate objection (CPL 470.05 [2]) and in any event is meritless. The People's primary witness offered direct testimony concerning the circumstances of the shooting and as inferences to be drawn were clear, strong, and logical, a circumstantial evidence charge was not required. *(See, e.g., People v Alexander,* 153 AD2d 507, *affd* 75 NY2d 979.) Concur —Murphy, P. J., Carro, Kupferman and Smith, JJ.