■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE NUNEZ, Appellant. [599 NYS2d 119] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered November 30, 1990, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court erred in ruling that a memo book prepared by a police officer in the regular course of his business was not admissible as evidence (see, CPL 60.10; CPLR 4518; Bracco v MABSTOA, 117 AD2d 273; see also, People v Kennedy, 68 NY2d 569; People v Mertz, 68 NY2d 136; People v Ferone, 136 AD2d 282). However, by virtue of his reference to this document during his cross-examination of this police officer, the defense counsel was able to convey to the jury a sense of what the memo book contained, and, more importantly, what it did not contain. Considering this circumstance, and in light of the overwhelming quality of the evidence, we conclude that the court's error in this respect was harmless (see, People v Crimmins, 36 NY2d 230; People v Adams, 72 AD2d 156).

The trial court advised the jurors, during a break in their deliberations, that they would be sent to dinner and then to a hotel if, within a stated period of time, they had not yet arrived at a verdict. On appeal, the defendant argues that, by placing before them the prospect of an evening meal and hotel accommodations for the night, the trial court in effect coerced the jurors into accelerating their deliberations. This argument is without merit *(see, People v Sharff,* 38 NY2d 751, 753; *People v Kincaid,* 9 AD2d 954; *see also, People v Velasquez,* 178 AD2d 451; *People v Boyd,* 150 AD2d 786). Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.