**In re Raymond MIRRER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 91–SP–1517.**

District of Columbia Court of Appeals.

Submitted Oct. 6, 1993.

Decided Oct. 28, 1993.

Leonard H. Becker, Bar Counsel, with whom Michael S. Frisch, Asst. Bar Counsel, was on the brief, for the Office of Bar Counsel.

Raymond Mirrer, pro se.

Before FARRELL and KING, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

This matter is before us on a report of the Board on Professional Responsibility recommending respondent's disbarment pursuant to D.C.Code § 11–2503(a) (1989), based upon his conviction in the State of New York of offering a false instrument for filing in the first degree, in violation of New York Penal Law § 175.35, a class E felony. We agree with the Board's recommendation and order respondent's disbarment pursuant to § 11–2503(a).

On April 19, 1983, respondent was found guilty in state court in New York of the above-named offense and lesser crimes. He was sentenced on June 10, 1983, to imprisonment for six months followed by probation for four years and six months. His convictions were affirmed by the New York Supreme Court, Appellate Division, on June 25, 1985. *See People v. Firestone,* 111 A.D.2d 696, 490 N.Y.S.2d 513 (1st Dep't 1985).[1] The Office of Bar Counsel was not notified of respondent's convictions until October of 1991, when it was informed by New York disciplinary authorities of the convictions and respondent's disbarment by the Appellate Division on November 29, 1983. We suspended respondent from the practice of law in the

---

1. Respondent subsequently petitioned the United States District Court for the Southern District of New York for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. District Judge Sand denied the petition in an exhaustive unpublished opinion, in which he concluded, *inter alia,* that "a rational trier of fact could have found beyond a reasonable doubt that petitioner intentionally aided investors in filing state tax returns claiming invalid deductions with the intent to defraud the state...."

District of Columbia pending final disposition of the instant proceeding.

D.C.Code § 11–2503(a) requires disbarment of any attorney convicted of a crime involving moral turpitude. Under this statute, the Board on Professional Responsibility must first "examine the underlying elements of the offense [of conviction] with a view to determining whether the statute, on its face, involves moral turpitude or instead may involve moral turpitude, if at all, only in certain instances." *In re McBride*, 602 A.2d 626, 629 (D.C.1992) (en banc) (citing *In re Colson*, 412 A.2d 1160, 1164–65 (D.C.1979) (en banc)). If a "statute on its face involve[s] moral turpitude—commonly referred to as moral turpitude *per se*," *id.* at 629, the Board's inquiry is at an end; "[t]he only proper recommendation for [t]he Board to make under the circumstances [is] that [the] respondent be disbarred." *Colson*, 412 A.2d at 1165. *See McBride*, 602 A.2d at 635. In *In re Willcher*, 447 A.2d 1198 (D.C.1982), we held that any crime having "intent to defraud" as an essential element would be a crime involving moral turpitude *per se*, and hence compel disbarment. Our en banc opinion in *McBride* did "not disturb *Willcher's* holding to the extent that it mandates automatic disbarment, attributable to moral turpitude *per se*, for conviction of *a felony* involving 'an intent to defraud.'" *McBride*, 602 A.2d at 635 (emphasis added; footnote omitted).[2]

Respondent, as pointed out, was convicted of the felony of offering a false instrument for filing in the first degree, New York Penal Law § 175.35. That crime is defined as follows:

A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.

Offering a false instrument for filing in the first degree is a class E felony.

As is evident, the crime requires (*inter alia*) proof of a specific intent to defraud the state or any political subdivision thereof. In *People v. Miller*, 70 N.Y.2d 903, 524 N.Y.S.2d 386, 519 N.E.2d 297 (1987), the Court of Appeals reaffirmed that "the statute requires proof of an additional element beyond the false filing; the People must establish that the defendant intended to defraud the State." *Id.* at 387 (citation and internal quotation marks omitted). "[T]he purpose of making it a felony offense to defraud the State in this manner, is to guard against the possibility that officers of the State or its political subdivisions would act upon false or fraudulent 'instruments' that had been filed with their offices in the belief that such documents were accurate and true." *Id.* (citation and internal quotation marks omitted).

■ It follows, under our decisions, that § 175.35 of the New York Penal Law defines a crime involving moral turpitude *per se*. *Willcher, supra; see also In re Bond*, 519 A.2d 165, 166 (D.C.1986) ("A crime in which an intent to defraud is an essential element is a crime involving moral turpitude *per se* "). D.C.Code § 11–2503(a) therefore requires that respondent be disbarred.

■ The remaining question is whether that disbarment should be retroactive (or *nunc pro tunc* ) to respondent's disbarment by the State of New York on November 29, 1983. After the Board issued its recommendation, Bar Counsel informed this court that

---

2. *McBride* held that "in all instances where the legislature has seen fit to limit punishment for a crime to the *misdemeanor* range, a lawyer convicted of a misdemeanor, including one with an 'intent to defraud,' shall be entitled to a hearing on whether that crime, on the facts, involves moral turpitude." 602 A.2d at 635 (emphasis added). We added, in our en banc capacity, that "[i]n reaffirming *Willcher* " with respect to the mandatory nature of disbarment for conviction of a felony involving an intent to defraud, "we have not had occasion to reexamine whether every sort of felony involving an 'intent to defraud,' however defined, should be deemed an offense involving moral turpitude *per se*." *Id.* at 635 n. 19. Implicit in this statement was that any such "reexamin[ation]" of *Willcher* would have to be made by the court en banc.

respondent had failed to file an affidavit of compliance with D.C.Bar R. XI, § 14 (notice to clients and adverse parties), as required by § 14(f) of that rule. Where an attorney has failed to carry out his or her responsibilities under this rule, we have imposed disciplinary sanctions prospectively rather than retroactively. *In re Slater*, 627 A.2d 508, 509 (D.C.1993). Respondent maintains that he essentially complied with Rule XI by submitting an affidavit to the Board following his interim suspension by this court, stating that he had not practiced law in the District of Columbia since his admission to this Bar in 1982, and "[would] fully comply with the Order of suspension." He insists that further compliance with § 14(f)—specifically its "supporting proof" requirement—is unnecessary because he has "no clients in the District of Columbia."

We are not convinced that respondent's affidavit was in compliance with § 14(f),[3] but we need not rest our refusal to make his disbarment retroactive on that ground alone. Bar Counsel informs us, without contradiction, that although respondent was indicted on the New York charges on January 18, 1982, he did not advise this court (or its Committee on Admissions) of that fact at any time before his admission to this Bar by motion on August 20, 1982. Moreover, at no time between his convictions in 1983 and October 1991, when Bar Counsel learned independently of respondent's New York convictions and disbarment, did respondent inform Bar Counsel of either of these facts, despite D.C.Bar R. XI, § 11(b), which requires a member of this Bar, "upon being subjected to professional disciplinary action by a disciplining court outside the District of Columbia ..., [to] promptly inform Bar Counsel of such action."[4]

Accordingly, it is ORDERED that respondent is disbarred from the practice of law in the District of Columbia effective as of the date of this order. *See* D.C.Bar R. XI, § 14(e).

*So ordered.*

---

**3.** Rule XI, § 14(f)(2), for example, requires the affiant to list "all other state and federal jurisdictions and administrative agencies to which the attorney is admitted to practice...."

**4.** *See also* former D.C.Bar R. XI, § 15(9) (1988) ("[T]he attorney shall have a concomitant obligation to file a certified copy of the court record of his guilty finding with Bar Counsel and the Clerk of this Court").