OPINION OF THE COURT
Alan D. Markus, J.
The defendant Tomassetti and his construction company have been indicted for offering a false instrument for filing in the first degree (14 counts). The evidence presented to the Grand Jury establishes that the defendants filed a bidding proposal for a construction contract with the New York City Transit Authority which contained a false statement that the defendants had not been the subject of an indictment. At the time of the filing of the bidding proposal, there was an indictment pending against the defendants in New Jersey.[1]
The crime for which the defendants have been indicted is a felony. The element of this crime which makes it a felony is the "intent to defraud the state or any political subdivision thereof.” (Penal Law § 175.35.) The question presented is whether the New York City Transit Authority constitutes a political subdivision of the State under the circumstances of this case. The answer is "no”.
Under the State law which created it, the New York City Transit Authority is a "public benefit corporation.” (Public Authorities Law § 1201 [1].) A public benefit corporation is not generally considered a subdivision of New York State, since it functions substantially independently from the State. In a series of decisions spanning many years, the Court of Appeals has treated public benefit corporations as separate entities from the State, not political subdivisions of the State. (Collins v Manhattan & Bronx Surface Tr. Operating Auth., 62 NY2d 361 [1984]; Grace & Co. v State Univ. Constr. Fund, 44 NY2d 84 [1978]; Matter of Dormitory Auth., 18 NY2d 114 [1966].) The Court of Appeals requires, nevertheless, "that a particularized inquiry is necessary to determine whether — for the specific purpose at issue — the public benefit corporation should *971 be treated like the State.” (Clark-Fitzpatrick v Long Is. R. R. Co., 70 NY2d 382, 387 [1987].) Indeed, the Court determined in the Clark-Fitzpatrick case that the Long Island Railroad Company, a public benefit corporation, was, under the circumstances of that case, entitled to exemption from punitive damages in a civil suit, just like the State or one of its political subdivisions.
Turning to the particular circumstances of the case before this court, it becomes readily apparent that the New York City Transit Authority should not be treated as a political subdivision of the State in a prosecution for offering a false instrument for filing in the first degree where a contractor has allegedly made a false statement in a bidding proposal to that agency.
In People v Miller (70 NY2d 903 [1987]), the Court of Appeals held "that Metro-North may not be treated as if it were 'the state or any political subdivision thereof for the purpose of Penal Law § 175.35.” (People v Miller, at 906.) In Miller, an assistant train conductor was convicted of offering a false instrument for filing in the first degree for submitting a fraudulent time sheet to Metro-North, indicating he had worked more hours than he actually had. The Court of Appeals determined that Metro-North, a public benefit corporation, should not be treated as a political subdivision of the State in that case for two reasons: (1) It was acting in its capacity as a private employer, and (2) "Absent clear language in the Penal Law concerning the status of public benefit corporations, section 175.35 does not provide adequate notice that the fraudulent filing of a false instrument with Metro-North constitutes the crime of defrauding the State as defined in the statute.” (People v Miller, at 906-907.)
Both the holding and reasoning of the Court in Miller (supra) are directly applicable to the instant case. The New York City Transit Authority and Metro-North, both public benefit corporations, perform like functions for commuters in different geographical areas. Just as Metro-North was acting as a "private employer” in the Miller case, here the New York City Transit Authority was acting as a "private contractor” in putting out a contract for bids. The Court of Appeals has held that another public benefit corporation, the State University Construction Fund, was not a political subdivision of New York State for purposes of applying a State law to contracts entered into with the State. (Grace & Co. v State Univ. Constr. Fund, supra.) The Court ruled that there was "an explicit *972 signification of separateness and distinction between contracts of the State of New York, its boards, agencies, departments and commissions and those of the Fund.” (Supra, at 89.) The New York City Transit Authority, just like the State University Construction Fund, has its own contractual process and prescribed procedures independent of New York State. (Public Authorities Law § 1209.)
Even if this court were to conclude that the bidding process of the New York City Transit Authority directly involved the public interest to such an extent that it warranted treatment of that agency as a political subdivision of the State in that context, this court would not have the power to rewrite the language of Penal Law § 175.35 or interpret it differently than New York’s highest court.
If the language of this statute was not sufficiently clear in Miller (supra) to put the assistant train conductor on notice that the Long Island Railroad Company was a political subdivision of the State for purposes of elevating his criminal act to a felony, that same statutory language cannot give sufficiently clear notice to the contractor and his company in this case who prepared the bidding proposal with the false statement.
Having determined then that the first degree crime has not been made out, this court would then normally reduce the crimes charged to offering a false instrument for filing in the second degree, misdemeanors. This cannot be done here, since the criminal action was commenced more than two years after the alleged criminal acts took place.[2] The Statute of Limitations thus bars prosecution for a misdemeanor crime. (CPL 30.10 [2] [c].) The end result is, therefore, that the indictment must be dismissed, since the evidence presented to the Grand Jury is, as a matter of law, insufficient to support the felony charges and reduction of these charges to misdemeanors is barred by the Statute of Limitations.
This court notes, moreover, that if cases such as this warrant felony prosecution, the remedy lies with a legislative *973 amendment to Penal Law § 175.35 to include public service corporations. Absent such an amendment, there exists no clear notice to contractors, employers, or the general public that offering a false instrument for filing to a public benefit corporation will be treated as a felony.

. That indictment was subsequently dismissed and defendants paid a civil fine.

. It appears that the first two counts of the indictment charge crimes more than five years old, mandating dismissal for violation of the Statute of Limitations for felonies. (CPL 30.10 [2] [b].)