■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETE ARUZ, Appellant. [677 NYS2d 322] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered September 4, 1996, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second

violent felony offender, to concurrent terms of 5 years and 2½ to 5 years, respectively, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was indicted and tried for the crimes of assault in the first degree and criminal possession of a weapon in the third degree as a result of an incident in which he cut the complainant with a box cutter. At the pre-charge conference, defense counsel requested an instruction on the lesser included offense of assault in the second degree. The prosecutor opposed the instruction, and the court denied the request on the ground that there was no reasonable view of the evidence that the complainant had not suffered serious physical injury, to wit, a facial wound requiring 25 stitches, which resulted in a scar. In his summation, defense counsel argued, *inter alia*, that defendant had not intended to cause serious physical injury to the complainant, that the People had failed to establish the intent element of both charges and that defendant was acting in self-defense. After summations, the court charged the jury on the two crimes in the indictment.

During deliberations, the jury sent out a note asking if they could "consider a lesser charge, i.e., second degree assault". Defense counsel moved for a mistrial, arguing that the jury had not followed the court's instructions, and that its request to consider "second degree assault" demonstrated that it was being influenced by a juror's outside experiences. The court denied the motion for a mistrial, prompting defense counsel to withdraw his request for the lesser included offense. At this point, the prosecutor reversed his position and argued that the evidence supported a second-degree assault instruction, since there was a reasonable view of the evidence that defendant intended to cause only physical injury, and not serious physical injury. Defense counsel declined an opportunity to be heard as to the People's request.

The court ruled that it would give the requested instruction, reasoning that its prior denial of defense counsel's request focused only on the injury itself, and not on the intent aspect of the lesser included offense. The court then recalled the jury and charged them on both assault in the first and second degrees. Defendant was convicted of the lesser included offense and the weapon charge. He subsequently filed a written motion to set aside the verdict on the ground that the court's initial refusal to charge second-degree assault deprived him of the right to address that charge in his summation, and that the supplemental charge led to a compromise verdict. The prosecutor responded that a reasonable view of the evidence supported

the charge on the lesser included offense, and that defense counsel's summation focused on justification, and, as such, would have been unaffected by the submission of the lesser included charge.

CPL 300.10 (4) requires that a court "must specifically designate and submit" those offenses that the jury is to consider, and that "[s]uch determination must be made, and the parties informed thereof, prior to the summations." This requirement applies equally to lesser included offenses (*People v Graham*, 57 AD2d 478, *affd* 44 NY2d 768). A trial court's failure to provide notice of any lesser included offenses that will be submitted to the jury prior to summations deprives defense counsel of the opportunity to argue to the jury the evidence as it relates to the lesser crime (*supra,* at 481). "Unless the court apprises defendant which lesser included offenses will be charged, he may be deprived of a meaningful and effective summation (*People v Garcia*, 76 AD2d 867; *People v Skinner*, 57 AD2d 785)." (*People v Willis*, 107 AD2d 1058, *lv denied* 64 NY2d 1025.)

Nonetheless, the failure to give notice of the submission of a lesser included offense prior to summations will not require reversal of the subject count where the defendant is not prejudiced (*People v Miller*, 70 NY2d 903, 907; *People v Trail*, 172 AD2d 320, 321, *lv denied* 78 NY2d 975). Such is the case where, by virtue of the absence of any distinction between the elements of the charged crime and the lesser included offense, as applied to the facts of the case, the defense summation would not have been altered in any substantial manner had defense counsel been given prior notice that the lesser charge would be submitted to the jury (*People v Miller, supra*; *People v Trail, supra*; *People v Jackson*, 166 AD2d 356, *lv denied* 77 NY2d 839). Conversely, where distinctions exist between the elements that would have afforded defense counsel additional arguments for acquittal of the lesser count, the failure to give prior notice cannot be deemed harmless error (*People v Willis, supra*, at 1059; *People v Graham, supra*, at 481).

Reversal is required in this instance because had defense counsel been informed that the lesser included offense of assault in the second degree would be submitted to the jury, he most assuredly would have argued that defendant lacked intent to cause *any* physical injury, in order to negate the mens rea element for such offense (Penal Law § 120.05 [2]). Instead, since the court denied his request for an instruction on assault in the second degree, defense counsel argued that defendant lacked the intent to cause *serious physical injury*, and that the

complainant had not sustained such injury, both requirements for a conviction for first-degree assault (Penal Law § 120.10 [1]). Such argument, to some degree, was a concession that defendant may have harbored a lesser intent, i.e., an intent to cause non-serious injury. Obviously, defense counsel would not have proceeded along this course had he known the jury would be considering the lesser offense. Manifestly, defendant was deprived of a meaningful summation with respect to the lesser included offense and was seriously prejudiced, as demonstrated by his conviction on that count (*People v Garcia, supra*).

The People's argument that defendant was not prejudiced since defense counsel merely argued the justification defense in his summation is refuted by the record. Further, defendant's motion for a mistrial and withdrawal of his request for submission of the lesser included offense adequately preserved the question for our review (CPL 470.05 [2]). Were it not, we would reach it in the interest of justice (CPL 470.15 [6] [a]).

As defendant's conviction for assault in the second degree must be reversed, so must the conviction for criminal possession of a weapon in the third degree. The proof supporting the jury's finding that defendant possessed a weapon with the intent to use it unlawfully against another was inextricably intertwined with the proof regarding the commission of the assault, as well as the justification defense (*see, People v Rodriguez*, 187 AD2d 291, 292). Concur—Sullivan, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.