■ In the Matter of KELLY A. HALLISSEY, Respondent, v JOHN HALLISSEY, Appellant. [690 NYS2d 603] —In a family offense proceeding pursuant to Family Court Act article 8, John Hallissey appeals from (1) an order of protection of the Family Court, Nassau County (Lawrence, J.), dated January 20, 1998, which, after a hearing, found that he had committed an act constituting harassment in the second degree, and directed him, *inter alia,* to stay away from and not to assault, harass, or menace Kelly Ann Hallissey, and (2) an order of the same court dated January 21, 1998, which granted Kelly Ann Hallissey's application for an attorney's fee in the sum of $1,000. The notice of appeal from the order dated January 21, 1998, is deemed an application for leave to appeal and leave to appeal is granted (*see,* CPLR 5701 [c]).

Ordered that the appeal from so much of the order of protection as directed the appellant, *inter alia,* to stay away from and not to assault, harass, or menace Kelly Ann Hallissey is dismissed, without costs or disbursements; and it is further,

Ordered that the order of protection is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated January 21, 1998, is modified, on the law, by deleting therefrom the provision awarding an attorney's fee in the sum of $1,000; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.

The determination of whether the appellant committed an act constituting harassment in the second degree was a disputed factual issue for the Family Court to resolve. As the trier of fact, its determination regarding the credibility of the witnesses is entitled to great weight (*see, Matter of Strully v Schwartz*, 253 AD2d 593; *Matter of Campbell v Desir*, 251 AD2d 402; *Matter of Cutrone v Cutrone*, 225 AD2d 767). A review of the record reveals that its determination was supported by the evidence.

Although the Family Court's determination that the appellant committed a felony offense is not academic (*see, Matter of Cutrone v Cutrone, supra*), the expiration of the order of protection renders academic the appellant's contention that the Family Court erred by not holding a dispositional hearing (*see, Matter of Platsky v Platsky*, 237 AD2d 610).

Although the appellant was properly ordered to pay an attorney's fee (*see,* Family Ct Act § 842 [f]), there was no testimony establishing that Kelly Ann Hallissey incurred an attorney's fee in the amount awarded by the court. A hearing is therefore necessary as a " ' "meaningful way of testing the [attorney's] claims relative to time and value" ' " (*Petek v Petek*, 239 AD2d 327, 329; *Kaprelian v Kaprelian*, 236 AD2d 369). Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.