■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE YOUNG, Appellant. [707 NYS2d 41] —Judgment, Supreme

Court, New York County (Patricia Williams, J.), rendered April 1, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree and resisting arrest, and sentencing him, as a second violent felony offender, to an aggregate sentence of 11½ years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. We see no reason to disturb the court's credibility determinations, which are supported by the record. The record supports the hearing court's determination that the stop of the vehicle in which defendant was a passenger was not a pretext for investigating an unrelated matter. The circumstances that the stop was made by officers who were not assigned to traffic duty and who did not issue a summons to the driver does not require afinding of pretext (*see, People v Washington*, 238 AD2d 43, *lv denied* 91 NY2d 1014). As to defendant's statements, the People established beyond a reasonable doubt that they were voluntary and that defendant's right to counsel was not violated (*compare, People v Witherspoon*, 66 NY2d 973, *with People v Anderson*, 69 NY2d 651).

There was ample evidence, including defendant's statements, to establish the then-existing element of knowledge of the weight of the cocaine possessed under the charge of criminal possession of a controlled substance in the second degree (*see, People v Sanchez*, 86 NY2d 27).

The court properly determined that a reasonable view of the evidence supported the submission of criminal possession of a controlled substance in the second degree as a lesser included offense of first-degree possession, since the evidence permitted the jury to conclude reasonably that defendant only possessed that portion of the cocaine found on his person. Defendant has failed to preserve for appellate review his contention that he received inadequate notice of the court's intention to submit such charge (*see, People v Trail*, 172 AD2d 320, *lv denied* 78 NY2d 975), and we decline to review it in the interest of justice. Were we to review such claim, we would find that although it is preferable for the parties to know all the charges to be submitted to the jury before summations, CPL 300.10 (4) was not violated when the court interrupted defendant's summation to inform the parties that it had reversed its original decision to deny the People's request for the lesser included offense (*see, People v Cabrera*, 268 AD2d 316). Furthermore, since the charge was submitted after the court heard defense counsel's

description of the trial evidence in his summation and he was permitted to alter his summation to address the submission of such count, there was no prejudice to defendant (*see, People v Trail, supra*).

We conclude that the sentence was not based on any improper criteria.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.