OPINION OF THE COURT
Memorandum.
Ordered that the judgments convicting defendant of driving while intoxicated per se and driving while intoxicated are affirmed; and it is further, ordered that the judgment convicting defendant of endangering the welfare of a child is reversed, on the law, and the information charging defendant with that offense is dismissed.
As is relevant to this appeal, by separate informations, defendant was charged with endangering the welfare of a child (Penal Law § 260.10), driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Defendant moved to, among other things, (1) dismiss the information charging her with endangering the welfare of a child, on the ground that it contained hearsay allegations of fact and, thus, was legally insufficient, and (2) suppress the statements and evidence obtained *92 after the stop of her vehicle. The Justice Court denied the branch of the motion seeking the dismissal of the information charging defendant with endangering the welfare of a child, and held a hearing on the branch of the motion seeking suppression. Following the hearing, the court found that the police had probable cause both to stop defendant’s vehicle and, thereafter, to arrest her. Defendant subsequently pleaded guilty to the aforementioned charges.
On appeal, defendant contends that her vehicle was illegally stopped.
“[Wjhere a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, a stop does not violate article I, § 12 of the New York State Constitution. In making that determination of probable cause, neither the primary motivation of the officer nor a determination of what a reasonable traffic officer would have done under the circumstances is relevant” (People v Robinson, 97 NY2d 341, 349 [2001]).
In the case at bar, the police officer stopped defendant’s vehicle after observing defendant fail to stop at a stop sign, swerve twice in her lane of traffic, and drive up onto a curb. Consequently, the stop of defendant’s vehicle was legal, and the fact that the police did not issue defendant a traffic ticket does not invalidate the stop (see People v Young, 271 AD2d 263, 264 [2000]; People v Garcia, 179 AD2d 1047, 1049 [1992]).
To the extent that defendant contends on appeal that the information charging her with endangering the welfare of a child is insufficient on its face in that it contains hearsay allegations of fact, we note that such a challenge to a nonjurisdictional pleading defect is forfeited by a guilty plea (see People v Keizer, 100 NY2d 114, 122 [2003]). However, jurisdictional defects in an information are nonwaivable (see People v Casey, 95 NY2d 354 [2000]). The factual portion of the information herein alleged that defendant was guilty of endangering the welfare of her child because she drove her motor vehicle, while she was “in an intoxicated state,” with her child in the vehicle. These factual allegations were too conclusory and failed to meet the requirements of CPL 100.15 (3) and 100.40 (4) (b) that the information “alleg[e] facts of an evidentiary character” demonstrating “reasonable cause” to believe the defendant committed the crime charged (see People v Dumas, 68 NY2d 729 [1986]; People v Curiale, 20 Misc 3d 133[A], 2008 NY Slip Op 51465[U] *93 [App Term, 9th & 10th Jud Dists 2008]) in that they did not include any facts from which one could conclude that defendant was intoxicated and, thus, endangered the welfare of her child by operating the vehicle. In assessing the facial sufficiency of the information, we do not take into consideration the allegations set forth in the informations charging defendant with driving while intoxicated per se or driving while intoxicated, since “an information must set forth the required nonhearsay evidentiary allegations within the four corners of the instrument itself or in annexed supporting depositions” (People v Thomas, 4 NY3d 143, 146 [2005] [internal quotation marks omitted]). Consequently, the information charging defendant with endangering the welfare of a child is jurisdictionally defective and must be dismissed (see People v Dumas, 68 NY2d at 729; People v South, 29 Misc 3d 92 [App Term, 9th & 10th Jud Dists 2010]).
Accordingly, the judgments convicting defendant of driving while intoxicated per se and driving while intoxicated are affirmed, and the judgment convicting defendant of endangering the welfare of a child is reversed and the accusatory instrument is dismissed.
Nicolai, EJ., Molía and LaCava, JJ, concur.