Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 15, 2012, as amended February 28, 2012, convicting defendant, after a jury trial, of murder in the second degree and gang assault in the first degree, and sentencing him to an aggregate term of 23 years to life, unanimously affirmed.
Defendant was not prejudiced by the court’s postsummation change of plan regarding a jury instruction. Before summations, the court granted the prosecution’s request for an accessorial liability charge, over defendant’s objection. During his summation, defense counsel referred to the prosecutor’s anticipated alternative argument that defendant acted as an accessory, arguing that it represented a change of course for *648 the prosecution, reflecting a lack of confidence in its case. The prosecutor’s summation emphasized the extensive proof that defendant personally killed the deceased, but briefly mentioned an alternative theory of accessorial liability. After summations, the court determined that it would not charge accessorial liability. This was error, because it misled defense counsel as to what the court intended to charge. However, the error was plainly harmless, because there was overwhelming evidence that defendant personally stabbed the victim to death, because defense counsel was not prevented from fully arguing to the jury regarding the key issue of whether defendant himself committed the crime, and because the effect of the court’s change of course upon the defense summation was insignificant (see People v Miller, 70 NY2d 903, 907 [1987]).
The court properly declined to submit manslaughter in the first degree as a lesser included offense. Given the types, locations, and multiplicity of the stab wounds, there was no reasonable view of the evidence, viewed most favorably to defendant, that he acted with anything less than homicidal intent (see People v Butler, 84 NY2d 627 [1994]).
Concur — Tom, J.P., Acosta, Andrias, Moskowitz and Clark, JJ.