■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL NEGRON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 13, 1977, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant was indicted for manslaughter in the first degree in connection with a stabbing incident. Prior to the summations defense counsel requested that the trial court instruct the jury as to how intoxication may affect intent. This request was denied on the ground that there was no proof in the case that defendant was intoxicated. Later, the jury interrupted its deliberations to inquire of the court whether a man who is drunk could still, under the law, have the intent to commit the crime in question in the same way as a man who is sober. The court then proceeded to charge the jury on intoxication. In our opinion the trial court's actions, in first denying the requested charge

and then giving the intoxication charge after the summations were concluded, deprived defendant of the right to an effective summation (see *People v Richards,* 67 AD2d 893). This deprivation of a fundamental right necessitates our granting the defendant a new trial. Hopkins, J. P., Damiani, Lazer and Margett, JJ., concur.