■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DEWINDT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered October 16, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of murder in the second degree in connection with his involvement in the fatal stabbing of Michael Phillip on the evening of August 8, 1985. The defendant's accomplice, Kenneth Allahar, who was permitted to plead guilty to the reduced charge of manslaughter in the first degree, testified against the defendant at trial.

The defendant's challenge to the propriety of the trial court's jury charge on the issue of evaluating the credibility of Allahar's testimony has not been preserved for appellate review in view of the defendant's failure to register an objection to that portion of the jury charge *(see, CPL 470.05 [2])*. In any event, we reject the defendant's argument that the jury charge on this issue implied that the jury was not to consider Allahar's criminal background in evaluating his testimony. The courts have consistently held that a reference in a jury charge to a witness's different morals or conduct is not inappropriate provided that the charge does not take the jury's focus away from evaluating the witness's credibility or play on a fear that crimes would go unpunished if the jury disbelieved the unsavory witness *(see, People v Robinson, 103 AD2d 852; People v Andino, 98 AD2d 750)*. In the case at bar, the jury charge on this issue properly focused the jury's attention on Allahar's testimony and provided it with an adequate basis upon which to evaluate his testimony. Similarly unavailing is the defendant's argument that the court's charge improperly

advised the jury that it was not to consider the reduced sentence which Allahar received as a result of his cooperation. Contrary to the defendant's position, we find that the court's charge did not advise the jury that it should totally disregard the benefits which Allahar received as a result of his cooperation with the prosecution.

The defendant's additional challenge to the propriety of the prosecutor's summation remarks has also not been preserved for appellate review. Although the defendant objected to two of the prosecutor's several summation remarks which he challenges on appeal, the trial court sustained those objections and provided prompt curative instructions. In view of the defendant's failure to take exception thereto, the defendant's challenge to the propriety of the prosecutor's remarks is not preserved for review (see, CPL 470.05 [2]; *People v Medina,* 53 NY2d 951). Furthermore, the majority of the prosecutor's challenged summation remarks constituted fair comment on the evidence and/or constituted a fair response to the defense summation. To the extent that some of the prosecutor's remarks may have constituted error, any error was harmless in view of the overwhelming evidence of the defendant's guilt (see, *People v Crimmins,* 36 NY2d 230).

With respect to the defendant's contention that he was deprived of a fair trial by reason of the fact that the prosecutor, during his redirect examination of Allahar, elicited the fact that he had made prior consistent statements in which he implicated the defendant in the killing, this issue has also not been preserved for appellate review since the defendant's objections to this line of questioning were sustained by the trial court and the defendant did not raise any further objections thereto or move for a mistrial on that basis (see, CPL 470.05 [2]; *People v Galloway,* 54 NY2d 396). In any event, we find the defendant's contention to be without merit. While the witness's prior consistent statements were not admissible on direct examination (see, *People v McClean,* 69 NY2d 426; *People v Williams,* 139 AD2d 683), the defense counsel herein opened the door to this line of questioning by the prosecutor when he elicited, on cross-examination, that the witness had previously implicated the defendant in the crime (see, *People v Melendez,* 55 NY2d 445).

Moreover, with regard to the defendant's challenge to the trial court's unsolicited charge on the issue of flight, we note that the only objection which the defendant registered thereto was that the charge was inapplicable to the case. On appeal, however, the defendant contends that the unsolicited charge

deprived him of an effective summation. In view of the fact that this claim was never raised at trial, it has not been preserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, we find the defendant's argument to be without merit since the inclusion of the flight charge in the trial court's jury instruction did not alter the theory of the prosecution's case but merely instructed the jury on how to weigh the evidence (cf., People v Negron, 70 AD2d 939; People v Richards, 67 AD2d 893). Accordingly, the defendant was not denied an effective summation by reason of the court's charge on the issue of flight.

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review and/or without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.