OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 Defendant was tried for first degree manslaughter upon an indictment which alleged, in part, that the defendant caused the death of the victim, Dana Oliver, "by shooting him.” The medical evidence at trial, however, was equivocal as to whether the victim’s head wound was caused by a bullet or by some other instrumentality.
 

 After the close of the evidence, defendant asked the court to charge the jury that they must acquit defendant if the victim’s injury was not caused by a shooting, contending that the People were so bound by the language in the indictment. The court initially agreed, stating that it would charge that the People had to prove beyond a reasonable doubt that defendant shot the victim.
 

 
 *877
 
 Based on this, assurance, defense counsel in his closing argument emphasized the equivocal nature of the proof that a shooting occurred and told the jury that they should acquit defendant if there was a reasonable doubt that the victim’s wound was caused by a gunshot. The People’s objection to this argument was overruled. The court’s charge to the jury was, as promised, in accord with defendant’s contention that the shooting was a necessary element of the People’s proof.
 

 During jury deliberations, however, the court reversed its ruling in response to a note from the jury asking: "If Dana Oliver was killed by other than a gun, can we find not guilty?” The court responded, contrary to its earlier position, that the jury could find defendant guilty if he caused the victim’s death by means other than a gun. The jury returned a guilty verdict.
 

 On this record, we need not determine whether, in the abstract, defendant properly could have been convicted if the jury concluded that no shooting had occurred
 
 (cf., People v Grega,
 
 72 NY2d 489, 496-499), for it was error, prejudicial to defendant, for the court to reverse its stance after assuring defendant that it would charge as he requested and after defendant had premised his summation on that theory.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order reversed, etc.