THIRD DEPARTMENT, DECEMBER, 1993

(December 2, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM O. LAYER, Appellant. [604 NYS2d 347] —Mercure, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered March 27, 1990, upon a verdict convicting defendant of the crimes of murder in the second degree and attempted murder in the second degree.

On September 6, 1989, defendant entered the residence of his estranged wife, Nicole Layer, in the Town of Queensbury, Warren County, while carrying a loaded .20-gauge shotgun and a container filled with gasoline. Upon entering the apartment, defendant shot and seriously injured his daughter, Tiffany Layer, who was sleeping on the couch in the living room with her back to the front door and her head facing the back of the couch. Defendant shot his wife when she responded to her daughter's screams. Defendant proceeded to pour gasoline over the deceased body of his wife and set the body on fire. He then fled the apartment, leaving the wounded Tiffany on the couch to watch her mother burn. Tiffany escaped the apartment, alerted a neighbor of the fire and eventually fled the building. Defendant was indicted on 11 counts of homicide, attempted homicide and assault. Following a trial, the jury convicted defendant of murder in the second degree (count 1, Nicole) and attempted murder in the second degree (count 4, Tiffany). Defendant was sentenced to consecutive indeterminate terms of incarceration of 25 years to life for murder and 5 to 10 years for attempted murder. Defendant appeals.

Defendant's first contention on appeal concerns the propriety of County Court's response to a jury request for additional information on counts 4 and 7 of the indictment. According to the determination made at the charge conference, County Court charged the jury as to counts 4 and 7 using the precise language in the indictment, relating the elements to a specific person, Tiffany Layer. County Court

further charged the jury that to find defendant guilty of attempted murder, it had to find that "Defendant * * * intended to cause the death of another person, Tiffany Layer". As to count 7, County Court stated that to find defendant guilty of assault in the first degree, the People had to prove that "Defendant did cause [serious physical] injury to another person, Tiffany Layer, with the intent to cause serious physical injury to her".

During the course of deliberations, the jury inquired of County Court whether it matters "who was on the couch and are we deciding guilt or innocence on attempted murder of Tiffany?" County Court answered: "my view is that you're being asked to find that [defendant] intended to murder the person on the couch when he discharged the first shot from the shotgun and it's immaterial that it turned out to be Tiffany." In response to the same inquiry concerning count 7, however, County Court responded that the assault charge "relates to Tiffany Layer only". Defendant claims that County Court's response to the jury inquiry on count 4 constituted an improper amendment of the indictment in violation of CPL 200.70 and, coming as it did after summations, deprived defendant of the opportunity to make an effective summation.

We reject defendant's first claim that County Court's additional instructions constructively amended the indictment in a manner that allowed a variation in the theory of prosecution *(see, People v Charles,* 61 NY2d 321). Neither the language of the indictment, charging that defendant "did with intent to cause the death of another person, attempt to cause the death of such other person or a third person, to wit: Tiffany Layer", nor the pertinent Penal Law section *(see,* Penal Law § 125.25 [1]), requires the People to prove intent to cause the death of a specific person. There is merit, however, to the claim that the inconsistency between County Court's position at the charge conference and the instruction ultimately given with regard to count 4 of the indictment deprived defendant of the right to an effective summation *(see, People v Bacalocostantis,* 111 AD2d 991; *People v Negron,* 70 AD2d 939; *People v Skinner,* 57 AD2d 785, 785-786). Defendant tailored his summation to the charge that County Court indicated it would give, and denied any intent on defendant's part to assault or murder Tiffany Layer, a posture completely undermined by County Court's subsequent instruction. "We are not to speculate as to what defense counsel would have argued had counsel been informed of the court's intention [to modify its charge], nor as to its impact on the jury" *(People v Brown,* 121 AD2d 326, 328

[citations omitted]; *see, People v Reilly,* 105 AD2d 716, 717). This deprivation of a fundamental right requires our granting defendant a new trial on the charge of attempted murder in the second degree *(see, People v Negron, supra).*

Defendant's remaining points require little discussion. First, defendant did not object to the competency of Tiffany and, therefore, the issue has not been preserved for our review *(see, People v Wallace,* 152 AD2d 713, *lv denied* 74 NY2d 952). In any event, the claim is meritless. There is no evidence in the record to remotely suggest that Tiffany did not understand the questions posed to her, that she was confused or disoriented or that she did not understand an oath. Although the record demonstrates that defendant underwent outpatient psychotherapy sessions for depression and anxiety and was committed to Central New York Psychiatric Center after shooting his wife and daughter, there is no intimation that any alleged incapacity affected his working relationship with his counsel *(see, People v Picozzi,* 106 AD2d 413, 414) or that he did not participate in a meaningful way in all proceedings before County Court. Finally, the record reflects that defendant received effective assistance of counsel and the sentence imposed was neither harsh nor excessive.

Mikoll, J. P., Yesawich Jr. and Casey, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of the crime of attempted murder in the second degree; matter remitted to the County Court of Warren County for a new trial on the fourth count of the indictment in accordance with this Court's decision; and, as so modified, affirmed.