■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FARID WADY, Appellant. [632 NYS2d 618] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered September 11, 1991, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On January 26, 1990, the defendant shot to death his estranged wife, and shot and seriously injured the man who had dropped her off at her mother's home. The defendant then fled the scene. At the trial, the defendant testified that he shot the man in self-defense and that the shooting of his wife was accidental. The defense presented further testimony intended to show that he was emotionally disturbed at the time of the shootings.

The defendant contends that the trial court's instructions to the jury with respect to flight as evidence of consciousness of guilt were erroneous. He contends that those instructions were unwarranted under the circumstances of the case and that the charge as given was "unbalanced" and "prejudicial". The defendant's objections to the language of the instructions as "unbalanced" and "prejudicial" were not raised in the trial court and therefore are unpreserved for appellate review *(see, People v Dewindt,* 156 AD2d 706). Giving an unsolicited flight charge was proper since the prosecutor noted in summation that the defendant's flight supported the People's theory that

the shootings were intentional *(see, People v Lockerby,* 178 AD2d 805, 807). The flight charge "did not alter" that theory "but merely instructed the jury on how to weigh the evidence" *(People v Dewindt,* 156 AD2d 706, 708, *supra).* Therefore, the trial court's failure to advise the defendant of its intent to give the flight instruction prior to summations was not improper.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.