■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD ETIENNE, Appellant. [631 NYS2d 898] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 1, 1994, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to represent any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of

the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

The defendant was indicted for murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. The charges arose out of an incident during which the defendant shot the victim while the victim was seated in his car.

Prior to summations, the court provided the defense counsel with a copy of its proposed charge. While the proposed charge included a justification defense, it did not indicate that this defense was not available to the "initial aggressor" unless the "initial aggressor" effectively communicated his withdrawal from the encounter (see, Penal Law § 35.15 [1] [b]). The defense counsel, seemingly relying on the proposed charge, did not meaningfully address the concept of "initial aggressor" in her summations, and the trial court charged the jury in accordance with the proposed charge. During deliberations, the jury requested a re-charge, inter alia, on the law relating to self-defense. Over the defense counsel's objection, the court then proceeded to charge the jury, inter alia, with respect to the "initial aggressor" rule.

Under the circumstances, the trial court's actions in giving the "initial aggressor" charge deprived the defendant of the right to an effective summation (see, People v Richards, 67 AD2d 893; see also, People v Bacalocostantis, 111 AD2d 991, 992; People v Negron, 70 AD2d 939). This deprivation of a fundamental right warrants reversal of the judgment (see, People v Greene, 75 NY2d 875; People v Layer, 199 AD2d 564).

In light of the foregoing, we need not address the defendant's remaining contentions. O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.