■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY CRUMPLER, Appellant. [662 NYS2d 341] —Judgment unanimously reversed on the law and new trial granted. Memoran-

dum: On this appeal from a judgment convicting him of robbery in the first degree (Penal Law §§ 20.00, 160.15 [4]), defendant argues that Supreme Court erred in charging, over his objection, the affirmative defense of duress. Defendant argues in the alternative that the court's decision to charge the affirmative defense, made only after defense counsel had delivered his summation in reliance upon the court's earlier ruling that it would not charge duress, deprived him of a fair trial. We conclude that a fair reading of the record establishes that the affirmative defense of duress was raised and that the jury should have been charged with that defense. We conclude, however, that defendant was unduly prejudiced when the court charged the defense after defense counsel had delivered his summation in reliance upon the court's determination not to charge duress, requiring reversal.

On April 26, 1995, at about 4:45 A.M., a McDonalds Restaurant at 1420 Lyell Avenue in Rochester was robbed by three men, one of whom brandished a gun. The men forced the assistant manager, at gunpoint, to open the safe. Defendant, the only other employee in the store at the time, initially indicated to the police that he was in the grill area at the time of the robbery and did not see anything. He eventually admitted that he had been approached by three men as he walked to work that morning, one of whom had a gun. The man held the gun to his head and demanded that defendant turn off the alarm and leave the door unlocked when he arrived at work. The man also told defendant that he knew where defendant lived and threatened to "shoot up" defendant's house if defendant did not comply with his demands. Defendant testified that he complied with the demands because he feared for his safety and that of his coworker and family.

The People requested that the court charge the affirmative defense of duress, but defendant objected, arguing that he had not raised the duress defense. The court declined to charge duress, but stated that it would charge the jury that there exists in the law a duress defense, that it would define the duress defense for the jury, and that it would indicate to the jury that the duress defense was not being raised in this case. Defense counsel objected, and, when the court insisted on that course of action, defense counsel requested that the court charge the affirmative defense of duress. The prosecutor joined in the request to charge the affirmative defense, but the court refused to do so. Defense counsel delivered his summation in reliance upon the assurance of the court that it would not charge the affirmative defense of duress. During summation, counsel

emphasized defendant's lack of intent and argued that defendant's conduct was motivated by fear.

Following summations, the court determined that it would charge the affirmative defense of duress. Defense counsel requested a mistrial, arguing that it would be prejudicial for the court to give that charge after defense counsel had delivered his summation in reliance upon the court's assurance that the charge would not be given. The court denied the motion and charged the jury on the affirmative defense of duress.

We agree with the People that the record establishes that the affirmative defense of duress was raised and should have been charged. Defendant's reliance upon *People v Bradley* (88 NY2d 901) and *People v DeGina* (72 NY2d 768) is misplaced. In each of those cases, the defendant pursued a theory of defense and the court, in addition to charging that theory of defense and over defendant's objection, also charged an affirmative defense that was inconsistent with the theory of the defense. Here, however, the only defense raised was that defendant lacked the requisite intent to commit robbery and was acting out of fear of the robbers, who had threatened him with a gun. The only theory of the defense is duress, and "there is simply no basis for justifying defendant's conduct by any other standard" (*People v Magliato*, 68 NY2d 24, 31).

We agree with defendant, however, that the court erred in charging the affirmative defense of duress after defense counsel had delivered his summation in reliance upon the court's ruling that the defense would not be charged (*see, People v Greene,* 75 NY2d 875, 877; *People v Etienne,* 220 AD2d 446, 447; *People v Layer,* 199 AD2d 564, 565-566, *lv denied* 83 NY2d 855, 912; *cf., People v Peterkin,* 195 AD2d 1015, 1016, *lv denied* 82 NY2d 758). The untimely reversal by the court of its prior ruling resulted in prejudice to defendant and requires reversal.

We have reviewed defendant's remaining argument and conclude that it is lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Wisner, Callahan and Doerr, JJ.