■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant. [763 NYS2d 53] —Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered June 4, 2001, convicting defendant, after a jury trial, of bail jumping in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Contrary to defendant's argument that the court failed to give effect to the plain meaning of the term "appear personally," we find that the court delivered an appropriate supplemental charge conveying the essence of the term as used in the bail-jumping statute. It would be meaningless for a defendant to "appear personally" at a time when his or her case is *not* being called, only to disappear when the case *is* called. Moreover, under defendant's interpretation, a defendant who sat in the courtroom and missed the call of his or her case would not need to report within the 30-day grace period and could treat the case as having terminated. This is not a reasonable interpretation of the statute (*cf. People v Rhodes*, 281 AD2d 225, 227 [2001], *lv denied* 96 NY2d 906 [2001]). It should be noted that after missing the call of his case on December 15, 1999,

defendant did not avail himself of the 30-day grace period and was only returned to court, four months later, on a bench warrant, after producing false identification papers during a traffic stop in Harrisburg, Pennsylvania.

We also reject defendant's claim that the supplemental instructions changed the definition of the term "appear personally" as contained in the court's main charge. The supplemental instruction correctly explained an element of the crime upon which the court instructed the jury in its main charge, and there was no contradiction between the main and supplemental charges (*compare People v Greene*, 75 NY2d 875 [1990]). Defendant was not entitled to construct a defense that was contrary to law.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Marlow, JJ.