THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO CUENEA, Appellant. [12 NYS3d 97]—

Judgment, Supreme Court, New York County (Bruce Allen, J., at suppression hearing; Ruth Pickholz, J., at jury trial and sentencing), rendered April 16, 2013, as amended April 25 and July 12, 2013, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, three counts of criminal sale of a controlled substance in the third degree, and two counts of criminal possession of a controlled substance in the third degree, and sentencing him to an aggregate term of nine years, unanimously affirmed.

The court properly denied defendant's suppression motion. The warrantless seizure of an opaque package in defendant's workplace was proper under an intersection of the plain view and fellow officer doctrines. An undercover officer advised other members of his team, who were lawfully present in premises open to the public, that certain drugs he had arranged to buy were in that particular bag. The undercover officer's conclusion about the contents of the bag was reasonable under the facts

personally known to him, and it thus provided probable cause, thereby satisfying the "immediately apparent" element of the plain view doctrine (*see People v Batista*, 261 AD2d 218, 221-222 [1st Dept 1999], *lv denied* 94 NY2d 819 [1999]), and justifying the actions of the officers with whom he communicated (*see People v Ketcham*, 93 NY2d 416, 419-420 [1999]).

Under the circumstances of the case, the court's intentional inclusion, in a readback requested by the deliberating jury, of testimony that had been heard by the jury but stricken from the record does not warrant reversal. The court properly exercised its discretion when it revisited its ruling and permitted the jury to hear the stricken testimony, which was relevant and admissible information based on the witness's personal knowledge. Defendant was not prejudiced by the content of the initially stricken testimony, or by the fact that it had been stricken but nevertheless reinstated. In any event, any error in this regard was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant did not preserve his challenge to the court's own involvement in reading back the testimony, and we decline to review it in the interest of justice. As an alternative holding, we find that the court's participation in the readback was inadvisable (*see People v Alcide*, 21 NY3d 687, 695 [2013]), but that it did not deprive defendant of a fair trial.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Sweeny, Renwick, Saxe and Feinman, JJ.