[75 NE3d 665, 53 NYS3d 248]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR A. SMALLING, Appellant.

Argued March 23, 2017; decided May 2, 2017

### APPEARANCES OF COUNSEL

*Lynn W.L. Fahey, Appellate Advocates*, New York City (*Jenin Younes* of counsel), for appellant.

*Richard A. Brown, District Attorney*, Kew Gardens (*Jill A. Gross-Marks, Robert J. Masters* and *John M. Castellano* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and a new trial ordered.

Although we reject defendant's contention that the evidence presented at trial did not support a charge of constructive possession, we nevertheless conclude that defendant is entitled to a new trial. The trial court erred in that it agreed to the People's request at the charge conference not to charge the jury on constructive possession, but then ultimately provided a constructive possession charge to the jury, resulting in prejudice to defendant (*see* CPL 300.10 [4]; *People v Greene*, 75 NY2d 875, 876-877 [1990]). Under the unique circumstances of this case, the error is not harmless (*cf. People v Nevins*, 16 AD3d 1046, 1047 [4th Dept 2005], *lv denied* 4 NY3d 889 [2005], *cert denied* 548 US 911 [2006]).

Chief Judge DiFIORE and Judges RIVERA, STEIN, FAHEY, GARCIA and WILSON concur.

Order reversed and a new trial ordered, in a memorandum.