The People of the State of New York, Respondent, 
against
Mauricio Altamirano, Appellant.




Appellate Advocates (Erin Tomlinson of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Jodi L. Mandel and Joyce Adolfsen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Desmond A. Green, J.), rendered November 19, 2013. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the fourth degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with attempted tampering with physical evidence (Penal Law §§ 110.00, 215.40) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). After a jury trial, defendant was convicted only of the latter charge.
At the trial, a New York City police officer testified that, at approximately 3:45 a.m. on October 1, 2011, he had received a radio call of an assault in progress with a weapon. Two men, one of whom was otherwise known as "Columbia," were arrested. After investigating, the officer learned that one of the people who had been arrested owned a firearm. At approximately 10:00 p.m. on October 4, 2011, the officer and a sergeant went to a hotel and met with defendant, who was employed at the hotel. The officer spoke to defendant primarily in Spanish. The officer asked defendant whether he was aware of a firearm, and defendant replied that he was. The officer and the sergeant drove to defendant's apartment. Defendant told the officer that a gun was inside a garbage can. The officer observed a blanket in the garbage can. The police removed the blanket, observed the firearm, and arrested defendant. After being given his Miranda rights in Spanish, defendant told the officer that he was holding the firearm "for an individual known as Columbia," who "had come and retrieved the firearm" from his home. Columbia "[l]eft with it or came back and put it away at least one or two times." Defendant "was also aware that Columbia had been involved in an incident that had occurred either one or two nights prior that involved the police."
Defendant's written statement, taken at about 1:10 a.m. on October 5, 2011, which defendant signed, was admitted into evidence without objection. The statement read as follows:
"I, Mauricio Altamirano, did [a] favor for Columbia. I did the favor for Columbia and he [*2]told me to save him or safeguard him a bag or case or suitcase. I was outside, I told him go and put [it] in and three weeks [passed] by and then he came back. And he told me that he would come back to pick it up. . . . And he never . . . he did not come. And after that since I already knew it . . . was a gun, I told him to take it and he wrapped it in a blanket [and] placed it inside of a bag but he took it out and said it would be best if he returned and he did not come back. I found out that it was a gun and I told him to take it out of my house. I do not know him or do not know his name because I was friends of some acquaintances. And, that is how it happened. He took it and wrapped it in the blanket that was in my room and put it in a bag and put . . . it in the garbage can or bucket."
After the close of all the evidence, defendant requested that the court charge the jury on the defense of temporary and innocent possession of a weapon. Counsel argued that there was strong evidence that defendant had been unaware that a third party, Columbia, had secreted the gun in a bag which he had asked defendant to store in his home. Counsel also argued that the court should permit the jury to consider defendant's opportunity, if any, to turn the weapon over to the police, and whether and how defendant had disposed of the weapon. Counsel asserted that, at the first opportunity, defendant had turned over the weapon to the police.
The court commented that, "[i]n other words your position is [that defendant] could have kept the gun in his bedroom for the rest of his life without doing something." Counsel disagreed, stating that it was an issue of fact based on the totality of the circumstances. Counsel subsequently argued that defendant "didn't know that it was a gun. It came into his [possession] in his apartment without his knowledge or consent." When defendant learned it was a gun, he made reasonable attempts to dispose of it. It was an issue of fact for the jury, and the People had the burden of proof beyond a reasonable doubt that defendant had knowingly possessed a weapon and that such possession was not innocent. There was "uncontradicted evidence" that if defendant "did come into possession at all . . . when he was contacted by the police he turned over the weapon immediately."
The prosecutor argued, among other things, that there was no testimony that "defendant did not know it was a gun," as defendant had acknowledged that he had known that it was a gun, and that defendant had "only cooperated because he knew that he was caught." The court declined to provide the jury with a charge on the defense of temporary and innocent possession.
Following summations, without first informing defense counsel, the court reversed itself and provided the jury with an instruction on the defense of temporary and innocent possession of a weapon. Counsel requested that the court permit him to reopen his summation to "reargue to the jury" in light of the court providing the temporary and innocent possession charge. The court denied the request.
The only issue raised on appeal is whether the Criminal Court erred in sua sponte providing the jury with a temporary and innocent possession charge without permitting defense counsel to reopen his summation. Defendant contends that he was denied the right to an effective summation. The People respond that reversal is not required, as defendant was not entitled to a temporary and innocent possession charge in light of the facts of this case.
In our view, the court erred in providing the jury with a charge on the defense of temporary and innocent possession of a weapon without first informing counsel and without [*3]permitting defendant's counsel to reopen his summation. A court commits error which is prejudicial to a defendant if it reverses "its stance after assuring defendant that it would [not] charge as he requested and after defendant had premised his summation on that theory" (People v Greene, 75 NY2d 875, 877 [1990]; see People v Crumpler, 242 AD2d 956, 958 [1997] [where a defendant's counsel delivers a summation "in reliance upon the assurance of the court" that it would not provide the jury with a specific charge, and the court, after summations, reverses itself and provides the jury with the charge, reversal is required]). By the court doing so, it deprived defendant of the right to an effective summation (see People v Etienne, 220 AD2d 446, 447 [1995]; People v Layer, 199 AD2d 564, 565-566 [1993]; People v Brown, 121 AD2d 326, 328 [1986] [the court charged petit larceny as a lesser included offense after summations without informing counsel]).
However, we find that reversal of the judgment of conviction is not required here, as defendant was not entitled to a charge on the defense of temporary and innocent possession of a weapon based on the facts of the case, even viewed in the light most favorable to defendant. Defendant received an item apparently wrapped in a blanket from a man whose nickname was Columbia, and held it for several weeks. The blanket was placed in a garbage can inside defendant's one-room apartment. According to defendant's written statement to the police, he subsequently learned that there was a gun inside the blanket. However, he did not provide the police with the blanket until the police approached him on October 4, 2011. This evidence is "utterly at odds with [defendant's] claim of innocent possession" (People v Williams, 50 NY2d 1043, 1045 [1980] [the defendant obtained a gun during an altercation, removed the clip, and placed it under his bed, where it remained until it was retrieved the next morning by the State Police]; see also People v Myers, 265 AD2d 598, 600 [1999] [the record supported the jury's determination that the defendant did not have a legal excuse for possessing a weapon for two weeks, which was hardly a temporary time period]). Thus, defendant was not entitled to a charge on the defense of temporary and innocent possession of a weapon (cf. People v Benson, 265 AD2d 814, 815 [1999] [error in the language of a justification charge was harmless because the defendant was not entitled to a justification charge in the first instance]). Consequently, the court's error in providing the jury with the charge without allowing defense counsel to reopen his summation does not require reversal.
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., and ALIOTTA, J., concur.
WESTON, J., concurs in the following memorandum:
While I agree that defendant's conviction should be affirmed, I write separately to stress that the court's decision to deliver the temporary and innocent possession charge, without affording defense counsel an opportunity to reopen summations, was error. However, since defendant was not entitled to the charge, the error was harmless. 
"Inherent in the guarantee of a fair trial is the right to present closing arguments" (People v Brown, 121 AD2d 326, 328 [1986], citing Herring v New York, 422 US 853 [1975]). A defendant is denied that right where the trial court decides to deliver (or not deliver) a certain charge and then, after summation, reverses itself to the detriment of defendant, who relied on the proposed charge in closing arguments (see People v Greene, 75 NY2d 875 [1990] [reversing a defendant's conviction where defense counsel relied on the court's initial assurance that it would charge that the prosecution had to prove, beyond a reasonable doubt, that defendant shot the victim and where the court reversed itself in charging otherwise in response to a jury note]; [*4]People v Etienne, 220 AD2d 446 [1995] [a defendant was deprived of the right to an effective summation where the court proposed a charge on justification, but later qualified that charge, after summation and in response to a jury request, by instructing the jury that the defense was not available to the "initial aggressor" unless the "initial aggressor" effectively communicated his withdrawal from the encounter]; People v Layer, 199 AD2d 564, 565 [1993] [a defendant was deprived of the right to an effective summation, where defense counsel's summation was tailored to the charge that the court agreed to give, but was subsequently "undermined" by the court's subsequent, inconsistent instruction]; People v Negron, 70 AD2d 939 [1979] [the court deprived the defendant of his right to an effective summation where it first denied the defendant's request for an intoxication charge and later gave the charge after summations concluded]). In those circumstances, the proper recourse is for the court to afford defendant an opportunity to reopen summations in light of the modified charge so that defense counsel may meaningfully address the charge in summation. 
Here, it was error for the trial court not to permit defendant to reopen summations after the court reversed its stance on delivering the temporary and innocent possession charge. Nevertheless, the error was harmless, since defendant was not entitled to the charge in the first instance (see generally People v Miller, 70 NY2d 903 [1987]; People v Gonzalez-Alvarez, 129 AD3d 647 [2015]; People v Taylor, 164 AD2d 922 [1990]). 
Accordingly, I concur with the majority and vote to affirm.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 11, 2018