People v Luna (2019 NY Slip Op 05194)





People v Luna


2019 NY Slip Op 05194


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


9743 4140N/11

[*1]The People of the State of New York, Respondent,
v
Edward Luna, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Andrew C. Fine of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Grace Vee of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered April 11, 2013, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first and third degrees and two counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to an aggregate term of 12 years, unanimously affirmed.
The verdict was supported by legally sufficient evidence, and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's knowing and intentional participation in the drug transaction could be reasonably inferred from his conduct during the transaction, including his mention of "92" to the codefendant, corresponding to the 92 grams of heroin being offered for sale.
Defendant did not preserve any of his arguments regarding the court's intentional inclusion of stricken testimony in a jury readback, including his argument that defense counsel's summation was made in reliance on the original ruling that struck the testimony, and we decline to review them in the interest of justice. As an alternative holding, we adhere to our determination on the codefendant's appeal (People v Cuenea, 130 AD3d 412 [1st Dept 2015], lv denied 27 NY3d 995 [2016]) that the court providently exercised its discretion in revisiting its prior ruling and permitting the jury to hear the stricken testimony. While counsel did rely on the original ruling in formulating his summation (see e.g. People v Crumpler, 242 AD2d 956, 958 [4th Dept 1997], lv denied 91 NY2d 871 [1997]), we find that any error in this regard was harmless. There is no reasonable possibility that a different summation would have resulted in a more favorable verdict.
The court providently exercised its discretion in admitting an audio recording of the transaction. The court listened to the tape and made, at least, an implied finding that the recording was sufficiently audible to be played for the jury. Furthermore, the fact that a translator was able to prepare a transcript of the recording indicates that it was sufficiently audible and distinct. Moreover, the fact that the transcript was not prepared by the testifying officer, but an independent translator, eliminated the danger "that the participant's memory of the events, rather than the actual sounds on the tape, becomes the source of the words on the transcript" (People v Mincey, 64 AD2d 615, 615 [2d Dept 1978]). In light of the audibility of the tape and the presence of an independent transcript, there was no danger that the jury was [*2]speculating or was relying solely on the officer's interpretation of the recording in returning its verdict. In any event, any error in admitting the recording was harmless.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK