People v Anderson (2024 NY Slip Op 24184)

[*1]

People v Anderson (Rory)

2024 NY Slip Op 24184

Decided on June 20, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on June 20, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JAMES P. McCORMACK, J.P., GRETCHEN WALSH, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-94 N CR

The People of the State of New York, Respondent,
against
Rory Anderson, Appellant. 

Martin Geoffrey Goldberg, for appellant.
Nassau County District Attorney (Sarah S. Rabinowitz and Liora S. Ben-Sorek of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Douglas J. Lerose, J.), rendered January 6, 2023. The judgment convicted defendant, upon a jury verdict, of public lewdness, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the matter is remitted to the District Court for a new trial.
Defendant was convicted after a jury trial of public lewdness (Penal Law § 245.00) for his conduct in a local CVS Pharmacy. During the charging conference, and over the People's objection, the District Court ruled that it would give the standard jury instruction for public lewdness for conduct committed in private premises, as opposed to conduct committed in a public place, as the court incorrectly believed that the subject premises were private. After summations, the court reversed its decision and, over defense counsel's objection, charged the jury with public lewdness in a public place.
The District Court erred when, after summations, it reversed its ruling with respect to the charge (see CPL 300.10 [4]; People v Smalling, 29 NY3d 981, 982 [2017]; People v Greene, 75 NY2d 875, 876-877 [1990]; People v Altamirano, 61 Misc 3d 1, 5 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018], affd sub nom. People v Mairena, 34 NY3d 473 [2019]). In doing so, the court deprived defendant of the right to an effective summation (see People v Etienne, 220 AD2d 446, 447 [1995]; People v Layer, 199 AD2d 564, 565-566 [1993]). This error was not harmless. The evidence of defendant's guilt, especially the identification of him as the perpetrator, was not overwhelming (see Mairena, 34 NY3d at 484-485 [2019]; People v Crimmins, 36 NY2d 230, 241 [1975]; People v Ahmeti, 71 Misc 3d 139[A], 2021 NY Slip Op 50481[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). Indeed, during deliberations, the jury sent requests for any statements made on the record whereby defense [*2]counsel acknowledged defendant's presence in the CVS. Consequently, defendant is entitled to a new trial (Smalling, 29 NY3d at 982). 
Defendant's challenge to the court's admission of one of the two first-time, in-court identifications is unpreserved for appellate review in the absence of an objection, a motion to strike, or a request for a limiting instruction (see CPL 470.05 [2]; People v Sharpe, 185 AD3d 965, 967 [2020]; People v Ackerman, 173 AD3d 1346, 1350 [2019]), and we decline to review it in the interest of justice.
In light of the foregoing, we do not reach defendant's remaining contention that he received the ineffective assistance of counsel. 
Accordingly, the judgment of conviction is reversed and the matter is remitted to the District Court for a new trial.
McCORMACK, J.P., WALSH and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 20, 2024